UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    Cr. No. 12-077-01 WES
                                   )
JOSE DUME, JR.                     )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on two motions filed by Defendant Jose Dume, Jr. In the first, Dume seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 306) ("Motion for Sentence Reduction"). In the second, Dume seeks leave to file a belated notice of appeal (ECF No. 309) ("Motion for Belated Notice of Appeal"). The Government has filed responses to both motions (ECF Nos. 307, 311). For the following reasons, the motions are DENIED.

I. Background

On January 18, 2013, Dume entered a guilty plea to charges of conspiracy to distribute and to possess with intent to distribute heroin, possession with intent to distribute heroin, distribution of heroin, distribution of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced on October 21, 2013, to concurrent terms of 120 months' imprisonment on the drug counts and a consecutive term of 60 months'

imprisonment on the firearm count. Judgment entered on October 31, 2013. Pursuant to the plea agreement, Dume did not appeal.

II. Discussion

    A.   Motion for Sentence Reduction

Dume has filed a second Motion for Sentence Reduction (ECF No. 306), based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."),[1] pursuant to 18 U.S.C. § 3582(c)(2).[2] The

---

[1] In April 2015, Dume filed a previous motion for sentence reduction (ECF No. 279) under § 3582(c)(2), also based on Amendment 782 to the U.S.S.G. That motion was denied by Order dated June 30, 2015 (ECF No. 288) ("Order"). The Court stated:

> [I]t is determined that the defendant is not eligible to seek a reduced sentence under this amendment because Defendant Dume was given a sentence based on the mandatory minimum required by statute and the Court cannot reduce the defendant's term of imprisonment below that mandatory minimum sentence.

(Order 3.)

[2] Section 3582(c)(2) provides that a court may modify a term of imprisonment once imposed:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

2

Government filed a response (ECF No. 307), to which Dume filed a reply (ECF No. 308) ("Reply").

The Court of Appeals for the First Circuit has stated that:

> A defendant may seek a sentence reduction under § 3582(c)(2) only if he meets a threshold eligibility requirement: he must have been [1] sentenced to a term of imprisonment [2] based on a sentencing range [3] that has subsequently been lowered by the Sentencing Commission. The proposed reduction must also be consistent with applicable policy statements issued by the Sentencing Commission—most relevantly, section 1B1.10 of the Guidelines Manual.[3]

---

[3] Application note 1 to § 1B1.10(a) states that:

1. <u>Application of Subsection (a)</u>.—

   (A) <u>Eligibility</u>.—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (<u>i.e.</u>, the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (<u>e.g.</u>, a statutory mandatory minimum term of imprisonment).

U.S.S.G. Manual § 1B1.10 cmt. n.1(A) (U.S. Sentencing Comm'n 2012); <u>see also</u> <u>United States v. Ganun</u>, 547 F.3d 46, 47 (1st Cir. 2008) (quoting U.S.S.G. Manual § 1B1.10 cmt. n.1(A)); <u>Mediina v. United States</u>, CR No. 04-043-ML, 2008 WL 4974597, at *10 (D.R.I. Nov. 21,

United States v. Roa-Medina, 607 F.3d 255, 258 (1st Cir. 2010) (brackets in original) (internal quotation marks omitted). Dume argues that he is entitled to the applicable reduction, (Reply 1-3), because "[t]he district court imposed the recommended sentence of 180 months . . . ." (Id. at 1). Dume apparently believes that the Court's "decision was based on the applicable Guidelines range since the district court expressed its independent judgement that the sentence was appropriate in light of that range." (Id. at 2.) He is mistaken.

The Court imposed the mandatory minimum sentence, 120 months' imprisonment, on Count I, the conspiracy charge, and a mandatory consecutive term of 60 months on Count XX, the firearm charge. The Plea Agreement (ECF No. 74) listed both the statutory maximum and statutory minimum penalties Dume faced. (Plea Agreement ¶ 6.) During the January 18, 2013, change of plea hearing, the Court spelled out the penalties enumerated in the Plea Agreement:

> So in paragraph six this is all set forth. On Count I, the maximum penalty is life imprisonment with a mandatory minimum term of ten years . . . .
>
> . . . .
>
> And then Count XX, five years consecutive to any other sentence . . . .

---

2008) (same). Pursuant to § 1B1.11, the Court uses the Guidelines Manual in effect on the date Dume was sentenced. U.S.S.G. Manual § 1B1.11(a) (U.S. Sentencing Comm'n 2012).

4

> . . . .
>
> Now, you understand that there are mandatory minimum terms of imprisonment that are applicable here. The mandatory minimum is 15 years that would be applicable. That's ten years on Count I and then five years consecutive on Count XXX.
>
> . . . .
>
> So that's a minimum that will be applied irrespective of any other issues with respect to the guidelines and so forth. Do you understand that?

(Plea Hr'g Tr. 13-15, ECF No. 94.) Dume responded affirmatively. (Id. at 15.)

Dume was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). As the Court stated in its prior Order, (Order 3), Dume was sentenced based on the statutory mandatory minimum. Amendments to the U.S.S.G. "have no impact on the applicability of the mandatory minimum statutory penalty for his . . . offense." Mediina, 2008 WL 4974597, at *10 (citing Ganun, 547 F.3d at 47); see also Ganun, 547 F.3d at 47 ("the Sentencing Commission is without power to determine statutory minimums"). Therefore, he cannot meet the threshold eligibility requirement under § 3582(c)(2). See Roa-Medina, 607 F.3d at 258.

Dume further argues that during his incarceration "he has maintained a clear conduct record, above satisfactory work record

5

and continuous enrollment in G.E.D. Courses. Defendant also demonstrates a strong desire to make amends for his past wrongs and bec[o]me a productive member of his community." (Motion for Sentence Reduction 2-3.) He suggests that his favorable post-sentencing conduct warrants a sentence at the low end of the Guideline range. (Id. at 3.)

The Court commends Dume's efforts. However, the fact remains that the Court has no authority to reduce his sentence. See Ganun, 547 F.3d at 47 ("Section 3582(c)(2) 'confers no power on the district court to reduce a minimum sentence mandated by statute.'") (quoting United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994)).

For the foregoing reasons, the Motion for Sentence Reduction is DENIED.

B.  Motion for Belated Notice of Appeal

As noted above, judgment entered in the above-captioned criminal case on October 31, 2013. Dume filed the Motion for Belated Notice of Appeal almost four years later, on September 24, 2017.[4] The Government's response was filed on October 2, 2017. Dume did not file a reply.

Pursuant to Federal Rule of Appellate Procedure 4(b):

---

[4] The Motion for Belated Notice of Appeal is dated September 24, 2017, and is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
>
>> (i) the entry of either the judgment or the order being appealed; or
>>
>> (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A). The Rule further provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Id. 4(b)(4). It is Dume's burden to "establish[] sufficient reason for the failure to comply with the filing requirements." United States v. Salcedo, No. CR 01-122 ML, 2006 WL 1896195, at *1 (D.R.I. July 7, 2006) (citations omitted).

In determining whether excusable neglect is present, the court considers all of the relevant circumstances relating to the failure to comply, in particular:

> the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (alteration in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs.

7

Ltd. P'Ship, 507 U.S. 380, 395 (1993)); see also Salcedo, 2006 WL 1896195, at *1 (quoting Graphic Commc'ns Int'l Union, Local 12-N, 270 F.3d at 5). These factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." Graphic Commc'ns Int'l Union, Local 12-N, 270 F.3d at 5 (quoting Hosp. del Maestro v. NLRB., 263 F.3d 173, 175 (1st Cir. 2001)).

The Government argues that Dume has not shown either excusable neglect or good cause. (United States' Response to Def.'s Motion for Belated Notice of Appeal 3, ECF No. 311.) The Court agrees. The Government does not address the first factor, prejudice. (Id.) As for the length of the delay, the Government correctly notes that Dume missed the deadline for filing a notice of appeal by years, not days, weeks, or months, an "extreme" delay. (Id. at 2.) The Government further states that "the record does not support a 'good faith' finding." (Id. at 3.)

Most importantly, Dume does not explain why he waited nearly four years to file a notice of appeal, or assert that factors beyond his control prevented timely filing. In his motion, he makes vague allegations of prosecutorial misconduct and ineffective assistance of counsel, but these claims appear to be related to the length of his sentence, (Motion for Belated Notice of Appeal 1-2), not length of the delay. He initially states that the motion "is solely in reference to the sentence and . . . in no

way shape form or fashion in reference to the plea agreement." (Id. at 1.) In the next sentence, however, he asserts that the motion "is in reference to the waiver of the appellate rights . . .," (id.), in the Plea Agreement, (Plea Agreement ¶ 12). Dume's arguments, to the extent they are comprehensible, do not address the reason(s) for the delay in filing a Notice of Appeal.[5]

Dume provides no reason, let alone "sufficient reason," as to why he waited until now to attempt to appeal his sentence. Salcedo, 2006 WL 1896195, at *1. Therefore, he has failed to meet his burden of establishing excusable neglect or good cause. Id. Accordingly, the Motion for Belated Notice of Appeal is DENIED.

IV. Conclusion

Based on the foregoing, Dume's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) is DENIED. His Motion for Belated Notice of Appeal is also DENIED.

IT IS SO ORDERED.

/s/ WESmith

William E. Smith
Chief Judge
Date: November 20, 2017

---

[5] Even if the Court were to assume, for purposes of argument only, that Dume's allegations are true, there still is no explanation for why he waited almost four years to seek to file a notice of appeal.