UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    Cr. No. 12-077-01 WES
                                    )
JOSE DUME, JR.                      )
                                    )
_____)

### ORDER

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on a motion to be resentenced (ECF No. 321, "Motion to Be Resentenced") filed by Defendant Jose Dume, Jr. For the reasons stated herein, the Court treats the Motion to Be Resentenced as a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255 and dismisses it without prejudice to being refiled if and when Dume receives permission from the First Circuit to file it in this Court.

I.  Discussion

Dume filed the Motion to Be Resentenced[1] on September 16, 2019. He seeks resentencing based on the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), which held that the "residual clause" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. Id. at 2336.

---

[1] Dume's motion is titled "Motion to Be Resentenced under Davis v. United States, No:18-431 (2019) Which Held Section 924(c) Is Unconstitutionally Vague." Motion to Be Resentenced 1.

Dume has challenged his sentence before. He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 315, "First Motion to Vacate") on July 16, 2018. On July 26, 2019, the Court denied the First Motion to Vacate as untimely (ECF No. 320).

It is abundantly clear from the current Motion to Be Resentenced that Dume is again challenging the validity of his sentence. "[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (citing 28 U.S.C. § 2255(a)(additional citation omitted));[2] see also id. ("On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This

---

[2] Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255."); Pierce v. Spencer, Civil Action No. 05-10292-RWZ, 2006 WL 2121912, at *1 (D. Mass. July 28, 2006) ("[I]t is the substance of the petition, rather than its form, that governs." (quoting Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003))). Therefore, the Court construes Dume's Motion to Be Resentenced as a § 2255 motion, and, as such, it is subject to the restrictions imposed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Trenkler, 536 F.3d at 97 ("[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions.").[3]

AEDPA "imposed significant new constraints on proceedings under section 2255. . . . [F]or example, AEDPA required a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals." Id. at 96 (citing 28

---

[3] If there were any doubt about the Court's conclusion, it is dispelled by a close reading of the two motions, which, in large part, contain identical or substantially similar language. Compare Motion to Be Resentenced 2, 3, with First Motion to Vacate 3-4, 5.

U.S.C. § 2255(h));[4] see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) ("In AEDPA, Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996))). This provision "strip[s] the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). Section 2255(h) applies so long as the earlier petition was decided on the merits. See id. at 60.

---

[4] Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

A denial on timeliness grounds is considered a denial on the merits for AEDPA purposes. See Cook v. Ryan, Civil Action No. 12-11840-RWZ, 2012 WL 5064492, at *2 (D. Mass. Oct. 15, 2012) (holding that dismissal for failing to comply with statute of limitations was decision on merits and collecting cases). Therefore, because Dume's First Motion to Vacate was denied on the merits, his Motion to Be Resentenced is a second or successive motion to vacate sentence under § 2255 and is subject to AEDPA's gatekeeping restrictions. Pierce v. Wall, C.A. No. 08-72-WES, 2008 WL 896148, at *1 (D.R.I. Apr. 2, 2008) (noting that dismissal of earlier petition as time-barred rendered subsequent petition "successive or second," requiring authorization from the court of appeals (citing Pratt, 129 F.3d at 57)).

Dume cannot file a second or successive motion to vacate pursuant to § 2255 in this Court without first seeking, and receiving, leave from the First Circuit to do so. See 28 U.S.C. § 2255(h). The record does not reflect, nor does Dume assert, that he has petitioned the Court of Appeals for authorization for the Court to consider the Motion to Be Resentenced. Therefore, the Court must either transfer the Motion to Be Resentenced to the First Circuit or dismiss the motion. See 1st Cir. R. 22.1(e);[5]

---

[5] Rule 22.1(e) states:

see also Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015) ("When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals."); Trenkler, 536 F.3d at 98. The Court chooses the latter course and dismisses the Motion to Be Resentenced until such time as Dume obtains leave from the Court of Appeals to file it in this Court. See 28 U.S.C. § 2255(h).

II. Conclusion

Based on the foregoing, Dume's Motion to Be Resentenced (ECF No. 321) based on Davis is DISMISSED without prejudice to being refiled if and when Dume obtains authorization from the First Circuit to file it in this Court.

IT IS SO ORDERED.

*[signature: Wesmith]*

William E. Smith
Chief Judge
Date: October 3, 2019

---

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. . . .

1st Cir. R. 22.1(e).